

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JOHN HARTNETT,<br>　　　　　Plaintiff,<br><br>vs.<br><br>PUBLIX SUPER MARKETS, INC.,<br>　　　　　Defendant. | §<br>§<br>§<br>§　　Civil Action No.: 3:20-00939-MGL<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

## I.　INTRODUCTION

Plaintiff John Hartnett (Hartnett) brought this action alleging a common law premises liability and negligence claim against Defendant Publix Super Markets, Inc. (Publix), and as detailed below, other non-diverse parties in the Richland County Court of Common Pleas. After Hartnett dismissed the non-diverse defendants, Publix removed the action to federal court under 28 U.S.C. §§ 1446(b)(3) and 1446(c)(1). According to Publix, the Court has jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is Hartnett's motion to remand. Having carefully considered Hartnett's motion, the response, the record, and the applicable law, it is the judgment of the Court Hartnett's motion will be granted and the matter will be remanded to the Richland County Court of Common Pleas.

## II.     FACTUAL AND PROCEDURAL HISTORY

According to Hartnett's amended complaint, on November 28, 2016, "[Tate] struck a stop sign in the parking lot in front of" Publix and failed to "report the incident to anyone and took no action to repair, remove or in any way protect the public from the dangerous condition created by her actions." Am. Compl. ¶ 6.  A Publix employee subsequently removed the damaged stop sign "but a piece of metal was left protruding from the pavement." *Id.* ¶ 7.  "A caution cone was placed over the protruding metal" but was later removed by another Publix employee. *Id.*

"As [Hartnett] walked along the painted walkway [towards the entrance of Publix on November 28, 2016], . . . his foot came into contact with the remains of the stop sign which was protruding from the pavement and not readily visible." *Id.* ¶ 9.  "[Hartnett] tripped on the protruding metal and . . . fell onto the pavement, sustaining serious injuries." *Id.* ¶ 10.  Hartnett subsequently sued the owner of the property, Columbiana Station (E&A), LLC (Columbiana); the manager of the property, Edens & Avant, Inc. (Edens); the lessee of the property, Publix; and the driver of the car that struck the stop sign, Serivia Tate (Tate).

Below is a timeline of the relevant dates for the Court's analysis of Hartnett's motion.

| | |
|---|---|
| February 12, 2018 | Hartnett, a citizen of South Carolina, initiated the underlying cause of action against Columbiana, a South Carolina corporation; Edens, a South Carolina corporation; and Publix, a Florida corporation. |
| May 31, 2018 | Hartnett dismissed Edens without prejudice |
| July 9, 2019 | Hartnett filed an amended complaint and added an additional defendant, Tate, a citizen of South Carolina, and added previously dismissed Edens. |
| February 11, 2020 | Hartnett dismissed Columbiana and Edens with prejudice. |
| March 3, 2020 | Hartnett dismissed Tate with prejudice. |
| March 4, 2020 | Publix, as the sole defendant, filed its notice of removal pursuant to the diversity of citizenship statute, 28 U.S.C. § 1332(a)(1). |

2

**III.     STANDARD OF REVIEW**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant." *Id.* § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.*

"Except as provided in subsection (c) [of 28 U.S.C. § 1446], if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "A case may not be removed under subsection (b)(3) [of 28 U.S.C. § 1446] on the basis of jurisdiction conferred by [S]ection 1332 more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith . . . to prevent a defendant from removing the action." *Id.* § 1446(c)(1).

"State law determines when an action is commenced for removal purposes." *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 908 (6th Cir. 1993).

IV.     **DISCUSSION AND ANALYSIS**

Hartnett contends the Court should remand the case because Publix removed the underlying action to federal court more than one year after the commencement of the lawsuit, which is disallowed by 28 U.S.C. § 1446(c)(1).

Publix avers its removal of the action more than two years after Hartnett filed his February 12, 2018, complaint is permissible due to Hartnett's July 9, 2019, amendment of his complaint that added additional parties within one year of it filing a notice of removal. Specifically, Publix argues Hartnett's July 9, 2019, amended complaint that added new parties fails to relate back to the original pleading and commences a new action for the purpose of calculating the timeframe for removal under 28 U.S.C. § 1446(c)(1), resulting in a resetting of the one-year statutory timeframe upon which a defendant may remove an action to federal court.

South Carolina law controls the Court's analysis of whether an amended complaint commences a new action for removal purposes. *See Pettibone Michigan Corp.*, 990 F.2d at 908 ("State law determines when an action is commenced for removal purposes."). "A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law". S.C. R. Civ. P. 3(a)(1).

The purpose of South Carolina's relation-back doctrine, S.C. R. Civ. P. 15(c) "is to salvage causes of action otherwise barred by the statute of limitations." *Thomas v. Grayson*, 456 S.E.2d 377, 380 (S.C. 1995). S.C. R. Civ. P. 15(c) "is based on the concept that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of

4

defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." *Id.* (citing Wright & Miller, Federal Practice and Procedure § 1496 (1990)).

Publix cites the unpublished district court opinion of *Sanders v. Norfolk S. Corp.*, C/A No. 1:08-2398-MBS, 2008 WL 11349702 (D.S.C. Nov. 20, 2008) for the proposition adding parties to an action fails to relate back to the complaint and commences a new action under South Carolina law. The *Sanders* court held an amended complaint in a class action lawsuit, that added additional parties, failed to relate back to the complaint under S.C. R. Civ. P. 15(c) and commenced a new action against defendants to trigger provisions of the Class Action Fairness Act (CAFA). Thus, according to Publix, Hartnett's amended complaint that added new parties similarly commenced a new cause of action against Publix under South Carolina law.

But, Publix's citation to, and analysis of, *Sanders* is inapplicable to the facts of this case. The Court in *Sanders* noted its analysis involved an interpretation of South Carolina's statute of limitations' relation-back rule, S.C. R. Civ. P. 15(c), as applied to class action lawsuits. *See Sanders*, 2008 WL 11349702 at *1 fn 1 (internal citations omitted) ("The purpose of Rule 15(c) is to salvage causes of action otherwise barred by the statute of limitations. Notably, [Rule 15(c)] is applied to determine CAFA removal jurisdiction . . . [to] determin[e] whether amended pleadings so change the claims or parties as to be a new civil action."); *see also Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1288 (10th Cir. 2006) (noting the relation-back principle "is the fundamental underpinning for the position that the effect of post-CAFA amendments should be a function of whether they relate back to the pre-CAFA filing.").

Here, however, there is no class action lawsuit, nor is there a statute of limitations issue. The underlying action commenced on February 12, 2018, when Hartnett sued Columbiana, Edens, and Publix. Hartnett's subsequent amended complaint failed to alter the date Hartnett commenced

5

this action. Hence, Hartnett's filing of an amended complaint on July 9, 2019, that added additional parties, failed to commence a new action under South Carolina law.

The Court's conclusion the addition of a new party fails to commence a new action in this case is also supported by the facts and holding in *Cline v. J.E. Faulkner Homes, Inc.*, 597 S.E.2d 27 (S.C. Ct. App. 2004). In that case, William Cline (Cline) purchased a modular home from J.E. Faulkner Homes, Inc. (Faulkner). *Id.* at 28. Faulkner contracted with Modular Homes (Modular) to install the modular home on Cline's property. *Id.* During the installation process, on September 8, 1997, Cline's home was damaged, and he subsequently initiated a negligence suit against multiple parties on December 3, 1999. *Id.* Cline failed to sue Modular in his negligence suit, but later amended his complaint to include it as a defendant on December 6, 2001. *Id.* Thus, Cline initiated suit against Modular over four years after the underlying accident. The South Carolina Court of Appeals in *Cline* held his amended complaint against Modular untimely and outside the three-year statute of limitations window. *Id.* at 29. The Court of Appeals' decision failed to affect Cline's rights against any other defendant.

If the addition of Modular as a party had commenced a new action, however, not only would the claims against the additional party, Modular, be barred by the statute of limitations, but the claims against all other parties would be so barred, in that the filing would have occurred outside the statute of limitations. The fact they were not demonstrates the addition of a party in a case such as this fails to commence a new action for purposes of the one-year limit in the removal statute, 28 U.S.C. § 1446(c)(1).

Accordingly, the Court concludes Publix improperly removed the underlying action to federal court more than one year after the commencement of the lawsuit, which is disallowed by 28 U.S.C. § 1446(c)(1).

Inasmuch as Publix's legal arguments were objectively reasonable, the Court denies Hartnett's request for an award of attorney fees and costs.

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Hartnett's motion to remand the complaint is **GRANTED** and the matter is **REMANDED** to the Richland County Court of Common Pleas for further adjudication.  Hartnett's request for an award of attorney fees and costs is **DENIED.**  All other motions are **DEEMED AS MOOT.**

**IT IS SO ORDERED.**

Signed this 22nd day of February 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE